10-5116-pr
Covington v. New York City Police Department et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of March, two thousand twelve.

Present:
> JOSEPH M. McLAUGHLIN,
> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

RONNIE COVINGTON,

> *Plaintiff-Appellant*,

> v.                                        No. 10-5116-pr

NEW YORK CITY POLICE DEPARTMENT, et al.,

> *Defendants-Appellee*s.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | RONNIE COVINGTON, pro se, Romulus, N.Y. |
| For Defendants-Appellees: | SCOTT SHORR, Senior Counsel, Appeals Division (Michael A. Cardozo, Corporation Counsel of the City of New York, and Francis F. Caputo, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Ronnie Covington ("Covington"), proceeding *pro se*, appeals from a November 16, 2010 judgment of the United States District Court for the Eastern District of New York (Gleeson, *J.*), on remand from this court, dismissing his false arrest claim brought pursuant to 42 U.S.C. § 1983. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Upon *de novo* review, *see Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004), we find that the district court correctly concluded, under *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007), that the statute of limitations for Covington's false arrest claim accrued on February 19, 1990, the date he was arrested and formally charged. Covington's claim, which is deemed filed on June 2, 1994, is therefore time-barred, unless equitable tolling applies.

Contrary to Covington's argument, this case does not present rare and exceptional circumstances that would warrant equitable tolling of the statute of limitations for his false arrest claim. *See Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (explaining that we have applied equitable tolling only in "rare and exceptional circumstances, where we found that extraordinary circumstances prevented a party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he sought to toll") (internal quotation marks omitted). The record here reveals no extraordinary circumstances that prevented the timely filing of Covington's false arrest claim. Covington could have filed a complaint asserting the false arrest

claim after his 1990 arrest, or even after the 1991 dismissal of the case, which would have been within the limitations period established by then-controlling case law. *See Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (concluding that the date plaintiff was arrested was the date on which his claim for false arrest accrued, as that was "the time at which plaintiff knew of [the] injury" serving as the basis for his claim). Further, Covington did not act with reasonable diligence in pursuit of his claim, but instead commenced his action nearly three years after his criminal case was dismissed.

Because Covington cannot demonstrate that equitable tolling is justified in this case, his false arrest claim is time-barred and the district court properly dismissed it. Accordingly, it is hereby **ORDERED** that the judgment of the district court is **AFFIRMED**.

To the extent that Covington moves to petition for panel rehearing of this court's 1998 order denying reinstatement of all of Covington's claims other than his claim for false arrest, that motion is hereby **DENIED**. A petition for panel rehearing must be filed within 14 days after entry of the challenged order. *See* Fed. R. App. P. 40(a)(1). Covington did not file the present motion until August 2011, which is well past the permissible time to do so, and he offers no explanation that would excuse that delinquency.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3